## Schaeffer Estate

*David Sharman, Jr.*, for exceptant.
*Richard T. Williamson*, for legatee.

MARX, P. J., June 13, 1952.—Robert Schaeffer, testator, died on May 20, 1951, his will, dated November 13, 1945, was probated on June 2, 1951, and disposed, inter alia, as follows:

"Item: All the rest, residue and remainder of my estate after all my just debts and funeral expenses are paid, I give, devise and bequeath to my children, in equal shares, share and share alike, namely: John Schaeffer, Anna Schaeffer, Earl Schaeffer, Robert Schaeffer, Ruth Schaeffer, Lena Schaeffer, Carl Schaeffer, Harold Schaeffer."

The executor's account, filed on February 23, 1952, was duly audited and under an adjudication, confirmed on April 26, 1952, there was awarded to a guardian to be appointed for Harold Leroy Schaeffer Ruth, one of the named residuary legatees, the sum of $1,380.99.

Exceptions to the decree were filed in behalf of John Schaeffer, another of the sons of testator. The exceptions charged error in the award of a one eighth of the residue for distribution, to Harold Leroy Schaeffer Ruth. The finding of the auditing judge, as set forth in the adjudication, was as follows:

"The testator bequeathed the residue of his estate, in equal shares, to his children, eight in number, naming them, and including Harold Schaeffer, one of them. The accountant suggests distribution in seven equal shares among seven of the named children, excluding Harold Schaeffer. Harold Schaeffer, also known as Harold Leroy Schaeffer, was adopted by Dr. George Ruth and Dorothy Ruth, his wife, by decree of this court, entered May 12, 1948. The petition for adoption was presented on April 29, 1948. Appended to the petition was the written consent of this testator, father of the adoptee, to the proposed adoption. A hearing was held on May 12, 1948, at which testator appeared in person and again agreed to the adoption. The will was dated November 13, 1945; the decree of adoption was entered May 12, 1948, testator died May 20, 1951. The bequest to the adoptee, Harold Schaeffer, was to him, nominatim. The testamentary disposition of the residue was not revoked, amended or changed after the adoption and prior to the death of testator. The legatees were named. The designation of them as 'children' of testator was incidental and for purposes of identification. The will having remained unchanged the presumption is that testator, although he had consented to the adoption, desired no change in the disposition of the residue. Furthermore, the adoptee was still his child, natural, by birth. We know of no statutory provision barring a legacy by the natural father to his child given in adoption. We accordingly find and conclude that Harold Leroy Schaeffer Ruth is entitled to participate in the distribution of the residue of the estate, under the testamentary disposition."

It might be noted that the testamentary disposition was a gift to named individuals, identified as children of the testator. The divided interests in the residue for distribution did not pass by devolution, under intestate law. Had there been no will, doubtless Harold

Leroy Schaeffer Ruth would not have participated in the distribution. Our concern, however, is with a testamentary gift to a named legatee, identified as a child of testator.

We find no error in our conclusion, nor in the decree of distribution. The exceptions are accordingly dismissed and the decree is confirmed absolutely.